BLANK ROME, LLP
Attorneys for Plaintiff
DALIAN TIGER SHIPPING LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

**07 CV 10690**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DALIAN TIGER SHIPPING LTD.,

      Plaintiff,

-against-

SUNWOO MERCHANT MARINE CO. LTD.,

      Defendant.

07 Civ.

**VERIFIED COMPLAINT**

---

Plaintiff, DALIAN TIGER SHIPPING LTD. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, SUNWOO MERCHANT MARINE CO., LTD.("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a corporation organized and existing under the laws of China.

3. At all material times, Defendant was and is a Korean corporation with its offices in Seoul, Korea and no office or place of business in this Judicial District.

4. On or about February 2, 2007, Plaintiff and Defendant entered into a voyage charter party, pursuant to which Defendant undertook to provide a vessel to Plaintiff for the carriage of 25,000 m.t., 1% less or 5% more at Plaintiff's option, of alumina from Australia to China.

5. Defendant failed to provide a vessel satisfying the criteria spelled out in the charter party or within the time required in the charter party. Due to Defendant's breach, Plaintiff was entitled to and did cancel the charter party, reserving its right to recover damages it would incur in employing a replacement vessel.

6. As a result of Defendant's breach of the charter party, Plaintiff sustained damages in the sum of US$198,318, representing the difference between the cost of $1,081,814 Plaintiff incurred in employing a replacement vessel and the amount of US$883,496 Plaintiff would have incurred if Defendant had performed its obligations.

7. The Charter provides for the arbitration of disputes in London. Plaintiff reserves its right to arbitrate its claim, pursuant to 9 U.S.C. § 8, and has commenced arbitration.

8. Arbitrators in London routinely award interest, arbitrators' fees, and legal costs to the successful party in a judicial or arbitral proceeding.

9. Plaintiff estimates that interest will be incurred in the sum of at least US$44,630, and recoverable costs will be awarded in the sum of at least US$50,000.

10. The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment is **US$292,948**.

11. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action,

assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

12.  B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$292,948** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the English judgments and/or arbitration awards.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
      November 29, 2007

                          Respectfully submitted,
                          BLANK ROME, LLP
                          Attorneys for Plaintiff

                          By _____
                              Jack A. Greenbaum (JG 0039)
                          The Chrysler Building
                          405 Lexington Ave.
                          New York, NY 10174-0208
                          (212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
29 day of November 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
DALIAN TIGER SHIPPING LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALIAN TIGER SHIPPING LTD.,<br><br>    Plaintiff,<br><br>-against-<br><br>SUNWOO MERCHANT MARINE CO. LTD.,<br><br>    Defendant. | 07 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, SUNWOO MERCHANT MARINE CO. LTD. ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant is a party to a maritime contract of charter party and is a foreign corporation with offices in Seoul, Korea, and no offices or place of business within this judicial district.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
JACK A. GREENBAUM

Sworn to before me this
29th day November, 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires
Nov. 30, 2009